## AARON S. COBB *vs.* MOSES CORBITT.

## Oxford. Opinion April 28, 1886.

*Division fences. R. S., c. 22, § 6.*

The remedy provided by R. S., c. 22, § 6, in relation to division fences, is penal as well as remedial, and will not be extended by implication to cases not clearly embraced within the provisions of the statute.

To entitle a recovery of "double the value and expenses" of building that portion of a division fence assigned by fence viewers to the party who neglects to build the same, it must appear that the party seeking such recovery has built the whole of the part thus assigned.

ON EXCEPTIONS.

An appeal from the decision of a trial justice in an action under the statute to recover double the expense of building a part of that portion of the line fence between the lands of the parties as had been set off to the defendant to build by the fence viewers of Hebron. At *nisi prius* the defendant contended that the action could not be maintained because the plaintiff had neither completed the whole of his portion of the fence, nor all of the defendant's portion. The presiding justice ruled as a matter of law that such objection was not well taken and that, by reason thereof, the action could not be defeated. To this ruling the defendant alleged exceptions.

*Bisbee and Hersey*, for the plaintiff.

*J. P. Swasey*, for the defendant.

FOSTER, J. The plaintiff and defendant are occupants and owners of adjacent lands. Having disagreed respecting their obligation to maintain a partition fence between them, on application of the plaintiff, the fence viewers of the town, after due proceedings, in relation to which no question is raised, assigned

to the parties their respective shares in such partition fence. By this assignment the plaintiff was to build a certain specified portion of the fence in the center, and the defendant was to build the residue at each end. The time having elapsed in which each was to build his part of the fence, the plaintiff having built a part only of the fence thus assigned to him, proceeded and built that portion of the fence assigned to the defendant at one end of the line, the remaining portion assigned to the defendant and a part of that assigned to the plaintiff never having been built.

This action is brought under § § 5 and 6, c. 22, R. S., to recover double the value of so much of that part of the division fence as was assigned to the defendant and built by the plaintiff.

The defendant makes no objection to the regularity of the proceedings of the fence viewers in matter of form, but contends that the plaintiff is not entitled to recover in this action upon other grounds. His position is, that the plaintiff, having built only a portion of that part of the fence assigned to the defendant, is not entitled to recover double the amount expended in building only such portion, the remainder never having been completed.

And such is the opinion of the court. The remedy being one afforded by statute, the plaintiff, to entitle himself to a recovery, must show a compliance with its provisions. He is not entitled to enforce the statute penalty against the defendant, for his own benefit, until he has performed what the law requires at his hands. Such remedy is penal as well as remedial, and will not be extended by implication to cases not clearly embraced within the provisions of the statute which the plaintiff invokes in his own behalf. *Abbott* v. *Wood*, 22 Maine, 541 ; *Wood* v. *Adams*, 35 N. H. 36.

That part of the statute under consideration — § 6 — provides, that " if any party refuses or neglects to build and maintain the part thus assigned him, it may be done by the aggrieved party ; who is entitled to double the value and expenses, to be ascertained, and recovered as provided in section four." It is " the part thus assigned " which the aggrieved party is authorized to build upon refusal or neglect of the other party — and not any fraction of such part.

And when we examine section four to which reference is made for the manner of ascertaining and recovering the amount to which the aggrieved party may be entitled under sections five and six, it will be seen that one of the prerequisites to a recovery there, is, that the party complaining has "completed" such fence. No other conclusion can be reasonably arrived at than that the plaintiff, before he can be entitled to recover in this case, must show that he has complied with the statute and built, of the fence in question, "the part thus assigned" to the defendant. The building of a moiety of such part is not the building of the part contemplated by the statute; and a multiplicity of suits is not to be favored where one is all that was intended to be given.

*Exceptions sustained.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.